SENTELL, Clerk.
RULE 40(A), ALABAMA RULES OF JUDICIAL ADMINISTRATION-COURT REPORTER’S FEE FOR COPIES OF TRANSCRIPT
Mr. W. H. Harris, Jr., Official Court Reporter for the Second Judicial Circuit, has submitted to me the following inquiry in regard to Rule 40(A) of the Alabama Rules of Judicial Administration:
The rule states that: “Fees for copies will be allowed at a rate of 10 cents per page for each copy of the original impression.”
My question is, when a transcript of evidence in a civil case is ordered by the appellant, with specified number of copies thereof; is the reporter preparing said transcript bound by Rule 40 in terms of selling copies of transcript to the appel-lee, or to non-parties to the suit?
Section 12-2-19(d), Code of Alabama 1975, authorizes the Clerk of the Supreme Court, to “give his opinion in writing on any question of the interpretation of any rule of administration promulgated by the supreme court to any other officer or official of the state who shows a need for such opinion and requests the same.”
The question must be answered in the affirmative.
Rule 40(A), Rules of Judicial Administration, was adopted by the Supreme Court pursuant to the provisions of Section 7-110, Act No. 1205, Acts of Alabama 1975, which, codified as 12-17-276, Code of Alabama 1975, reads:
Notwithstanding any statutes existing on October 10, 1975 which prescribe fees to be paid to court reporters for producing transcripts of their stenographic notes, the amounts of these fees may be fixed and adjusted by the supreme court at such time as it shall determine. (Emphasis supplied)
The first paragraph of Rule 40(A) provides “[that] all court reporters shall be allowed a fee of $1.65 for the preparation of the original impression only of each page of *540 the transcript of the proceeding^] . and specifies the requirements for the preparation of the transcript.
The second paragraph of Rule 40(A) reads:
“Fees for copies will be allowed at a rate of 10 cents per page for each copy of the original impression.”
This statement is plain, unqualified and unconditional.
In determining the scope of this provision, consideration must be given not only to Section 12-17-276, supra, but also to Section 12-17-275, Code of Alabama 1975, which prescribes the duties of the official court reporter. That section, in part, reads:
. The original stenographic notes of such reporter shall be preserved by him and treated as a part of the records of the respective courts, and upon his retirement from office, shall be turned over to the clerks of such courts. In cases where the testimony is taken orally before the judge, the court reporter, whenever ordered by the judge, shall transcribe his stenographic notes of such testimony and file the same. (Emphasis supplied)
It is my opinion that an appellee, upon timely request, is entitled to obtain a copy of the transcript ordered on appeal at a rate of 10 cents per page for each copy of the original impression.
If non-parties to the suit are furnished a copy of the original impression, the rate should also be 10 cents per page for each copy of the original impression.